# PROVIDENCE COUNTY.

## JOB WILBUR *vs.* H. W. WILLIAMS.

A surety is discharged wholly or *pro tanto* if the creditor releases to the principal debtor a security taken from such debtor for the debt. The surety is not discharged if the creditor transfers such security to a third party. Such a transfer of a mortgage is a transfer of the debt secured. After such a transfer the creditor will be allowed to continue a pending action against the surety, in the absence of proof that the prosecution is in fraud of the assignee or against the assignee's wishes.

W. gave R. his check on R.'s representation that a friend of R. would hold it for a day or two as cash, when R. would redeem it. R. gave it to J. to hold for fifteen days before presentation, and absconded, after telling W. that the check had been redeemed and destroyed. J., when R. absconded, recorded a mortgage given by R. to J. to cover all indebtedness. Payment of the check was refused on presentation after the fifteen days. W. was notified, and, as maker, sued by J. W., in defence, claimed to be discharged by

the delay in presenting the check, because, had it been promptly presented, he could have paid J. and attached the property described in the mortgage to J., then unrecorded, or have arrested R.

*Held*, if the defence could be held good, that whether W. was injured by the delay was still a pure question of fact, and the court could not on the reported evidence reverse the finding of the court below.

DEFENDANT'S petition for a new trial.

*June* 16, 1888. PER CURIAM. This is *assumpsit* on a check for eighty dollars drawn by the defendant on the Traders' National Bank in favor of H. J. Robinson, and by him indorsed to the plaintiff. The action was begun in the District Court, taken by appeal to the Court of Common Pleas, where, upon trial by the court, jury trial being waived, judgment was entered for the plaintiff. The case comes before us on petition for new trial on the ground that the judgment was against the evidence.

The facts as they appeared in evidence were as follows, viz: the understanding between the plaintiff and Robinson, when the plaintiff took the check, was that he should keep it for fifteen days. He did so keep it, and then presented it to the bank, which refused to pay it. He thereupon gave notice to the defendant and demanded payment from him. The bank then was, and still is, solvent. Robinson had absconded the day before the check was presented, leaving many questionable transactions behind. Robinson, when he ran away, had household furniture worth about twenty-five hundred dollars, on which the plaintiff held an unrecorded mortgage as security for Robinson's general indebtedness to him, including said check, which he had recorded immediately afterwards. The check had been given by the defendant to Robinson for his accommodation, on his representation that he had a friend who would put it in his drawer as cash, and that in a day or so he, Robinson, would redeem it. Robinson told the defendant, a day or two afterwards, that he had taken the check up and destroyed it.

The defendant claims that he was discharged by the delay to present the check for payment. He does not claim to be discharged by reason of any failure of the bank, but on the ground that, if the check had been immediately presented, and he had had notice of the non-payment, he could have secured himself by paying the plaintiff and attaching the furniture, the mortgage upon which was then unrecorded, or by arresting Robinson. It is,

however, entirely uncertain whether, if the check had been earlier presented and payment refused, the plaintiff would not have had the mortgage earlier recorded, or whether, in such event, Robinson would not earlier have run away, and so avoided arrest. If the defendant was entitled to claim discharge on the ground of delay, for these reasons we think the question whether he was injured by the delay must be regarded as purely a question of fact, and we are not satisfied that the judgment was against the evidence on that point.

It also appeared in evidence that, after the present action was begun, the plaintiff transferred his mortgage on Robinson's furniture, for two hundred twenty-five or two hundred fifty dollars, to Robinson's father, the plaintiff never having previously had possession of the mortgaged property. The defendant claims that, as accommodation drawer of the check, he was entitled to the privileges of a surety, the circumstances in which the plaintiff received the check being such as to give him notice of his relation to the drawee, and that he is therefore discharged by the transfer of the mortgage, under the decision of this court in *Otis* v. *Von Storch*, 15 R. I. 41, 42 ; but, in *Otis* v. *Von Storch*, the court held that a surety will be discharged if the creditor surrenders or releases a security for the debts taken from the principal debtor to such debtor. That is not this case, for here there was no surrender of the security to the principal debtor, but only a transfer of it to a third person. Such a transfer will not discharge a surety. *Wheatley* v. *Bastow*, 7 De G., M. & G. 261, 279, 280 ; De Colyar on Guaranties, 440, 441. Such a transfer of a mortgage operates also as a transfer of the debt secured by it. *Jones* v. *Huggeford*, 3 Metc. 515 ; *Campbell* v. *Birch*, 60 N. Y. 214. And the question might arise, whether, after such a transfer, the plaintiff would be entitled to continue to prosecute the action. There was, however, no evidence to show that he was prosecuting it in fraud or against the will of the assignee. In the absence of such testimony the assignor is allowed to go on. *Alsop* v. *Caines*, 10 Johns. Rep. 400 ; *Raymond* v. *Johnson*, 11 Johns. Rep. 488 ; *Gardner* v. *Smith*, 5 Heisk. Tenn. 256. If it be the fact that the plaintiff is prosecuting the suit for himself, in violation of the rights of his

assignee, the matter can be brought before the court below by motion for a stay of execution, or other appropriate proceeding.

*Petition dismissed with costs.*

*Simon S. Lapham*, for plaintiff.
*William H. Sweetland*, for defendant.